UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NOLVIS ESPERANZA MALDONADO AMAYA, individually
and on behalf of all others similarly situated,

        Plaintiff,

-against-

MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ,
PUGLIAS OF GARDEN CITY INC. and MULBERRY
STREET LOUNGE INC. d/b/a THE CUBAN and WILLIAM
MARTINEZ, as an individual,

        Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

1. Plaintiff, **NOLVIS ESPERANZA MALDONADO AMAYA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff"), by her attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, through undersigned counsel, bring this action against **MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ, PUGLIAS OF GARDEN CITY INC. and MULBERRY STREET LOUNGE INC. d/b/a THE CUBAN and WILLIAM MARTINEZ, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants at located at 38 Hillside Ave., Williston Park, NY 11550 and 987 Stewart Avenue, Garden City, NY 11530.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff NOLVIS ESPERANZA MALDONADO AMAYA residing at Hempstead, NY 11550, was employed by MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ, PUGLIAS OF GARDEN CITY INC. and MULBERRY STREET LOUNGE INC. d/b/a THE CUBAN from in or around September 2016 until in or around October 2022.

9. Defendant, MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ, is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located 38 Hillside Ave., Williston Park, NY 11596.

10. Defendant, PUGLIAS OF GARDEN CITY INC. and MULBERRY STREET LOUNGE INC. d/b/a THE CUBAN, is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located 987 Stewart Avenue, Garden City, NY 11530.

11. Upon information and belief, corporate defendant PUGLIAS OF GARDEN CITY INC. filed for an amendment to change its corporate name to MULBERRY STREET LOUNGE INC.

12. Upon information and belief, Defendant WILLIAM MARTINEZ is the owner of MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ, PUGLIAS OF GARDEN CITY INC. and MULBERRY STREET LOUNGE INC. d/b/a THE CUBAN.

13. Upon information and belief, WILLIAM MARTINEZ is responsible for overseeing all daily operations of MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ,

PUGLIAS OF GARDEN CITY INC. and MULBERRY STREET LOUNGE INC. d/b/a THE CUBAN.

14. Upon information and belief, WILLIAM MARTINEZ has power and authority over all the final personnel decisions of MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ, PUGLIAS OF GARDEN CITY INC. and MULBERRY STREET LOUNGE INC. d/b/a THE CUBAN.

15. Upon information and belief, WILLIAM MARTINEZ has the exclusive final power to hire the employees of MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ, PUGLIAS OF GARDEN CITY INC. and MULBERRY STREET LOUNGE INC. d/b/a THE CUBAN, including the Plaintiff.

16. Upon information and belief, WILLIAM MARTINEZ has exclusive final power over the firing and terminating of the employees of POLO FOOD & DELI INC., including Plaintiff.

17. Upon information and belief, WILLIAM MARTINEZ is responsible for determining, establishing, and paying the wages of all employees of MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ, PUGLIAS OF GARDEN CITY INC. and MULBERRY STREET LOUNGE INC. d/b/a THE CUBAN, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

18. Accordingly, at all relevant times hereto, Defendant WILLIAM MARTINEZ was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

19. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ, PUGLIAS OF GARDEN CITY INC. and MULBERRY STREET LOUNGE INC. d/b/a THE CUBAN (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

20. Under the FLSA and NYLL, Plaintiffs' federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint is filed in March 2023. As such, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning March 2017 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

**Plaintiff's employment at MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ**

21. Plaintiff NOLVIS ESPERANZA MALDONADO AMAYA was employed by MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ, as a food preparer, runner and busser while performing related miscellaneous duties for the Defendants, from in or around September 2016 until in or around December 2017.

22. Plaintiff NOLVIS ESPERANZA MALDONADO AMAYA regularly worked six (6) days per week, during the relevant statutory period.

23. During the relevant statutory period, Plaintiff NOLVIS ESPERANZA MALDONADO AMAYA regularly worked a schedule of shifts beginning at approximately:

   i. 10:30 a.m. each workday and regularly ended at approximately 12:00 a.m., or later, four (4) days per week; and from

   ii. 4:00 p.m. each workday and regularly ended at approximately 2:00 a.m., or later, two (2) days per week.

24. Thus, Plaintiff was regularly required to work approximately seventy-four (74) hours or more hours each week during the relevant statutory period.

25. Within the relevant statutory period, Plaintiff NOLVIS ESPERANZA MALDONADO AMAYA was paid by Defendants an hourly rate of approximately $8.50 per hour without regard for the number of hours worked from in or around February 2017 until in or around December 2017.

26. Defendants failed to pay Plaintiff NOLVIS ESPERANZA MALDONADO AMAYA the legally prescribed minimum wage for all her hours worked from in or February 2017 until in or around December 2017, a blatant violation of the minimum wage provisions contained in the NYLL, and its regulations.

27. Although Plaintiff regularly worked approximately seventy-four (74) hours or more hours each week, during the relevant statutory period, the Defendants did not pay Plaintiff at a wage ate of time and a half (1.5) for her hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Additionally, Plaintiff NOLVIS ESPERANZA MALDONADO AMAYA worked in excess of ten (10) or more hours per day four (4) days a week from in or around February 2017 until in or around December 2017, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

**Plaintiff's employment at PUGLIAS OF GARDEN CITY INC. and MULBERRY STREET LOUNGE INC. d/b/a THE CUBAN**

29. Plaintiff NOLVIS ESPERANZA MALDONADO AMAYA was employed by PUGLIAS OF GARDEN CITY INC. and MULBERRY STREET LOUNGE INC. d/b/a THE CUBAN, as a food preparer, runner and busser while performing related miscellaneous duties for the Defendants, from in or around January 2018 until in or around October 2022 with the exception at the height of pandemic from March 2020 to May 2020.

30. Plaintiff NOLVIS ESPERANZA MALDONADO AMAYA regularly worked six (6) days per week from in or around January 2018 until in or around December 2021 and four (4) days per week from in or around January 2022 until in or around October 2022 save for the above exception of approximately 3 months.

31. Plaintiff NOLVIS ESPERANZA MALDONADO AMAYA regularly worked a schedule of shifts beginning at:
   i. approximately 10:30 a.m. each workday and regularly ended at approximately 12:00 a.m., or later, four (4) days per week and from approximately 4:00 p.m. each workday and regularly ended at approximately 2:00 a.m., or later, two (2) days per week from in or around January 2018 until in or around December 2021; and
   ii. approximately 4:00 p.m. each workday and regularly ended at approximately 2:00 a.m., or later, four (4) days per week from in or around January 2022 until in or around October 2022.

32. Thus, Plaintiff was regularly required to work approximately seventy-four (74) hours or more hours each week from in or around January 2018 until in or around December 2021; and approximately forty (40) hours or more hours each week from in or around January 2022 until in or around October 2022.

33. Plaintiff NOLVIS ESPERANZA MALDONADO AMAYA was paid by Defendants an hourly rate of approximately:
    i. $9.00 per hour without regard for the number of hours worked from in or around January 2018 until in or around December 2018;
    ii. $10.00 per hour without regard for the number of hours worked from in or around January 2019 until in or around December 2019; and
    iii. $13.00 per hour without regard for the number of hours worked from in or around January 2020 until in or around October 2022.

34. Defendants failed to pay Plaintiff NOLVIS ESPERANZA MALDONADO AMAYA the legally prescribed minimum wage for all her hours worked from in or January 2018 until in or around December 2019 and from in or around January 2021 until in or around October 2022, a blatant violation of the minimum wage provisions contained in the NYLL, and its regulations.

35. Although Plaintiff regularly worked approximately seventy-four (74) hours or more hours each week from in or around January 2018 until in or around December 2021; the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

36. Additionally, Plaintiff NOLVIS ESPERANZA MALDONADO AMAYA worked in excess of ten (10) or more hours per day four (4) days a week from in or around January 2018 until in or around December 2021, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

37. Further, Plaintiff was not compensated at all by the Defendants for her last week of employment.

38. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
39. Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
40. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English and Spanish, of her applicable regular rates of pay, regular pay days, and all such information as required by NYLL §195(1).
41. Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of her wages, as required by NYLL §195(3).
42. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."
44. Collective Class: All persons who are or have been employed by the Defendants as food preparers, runners, bussers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.
45. Upon information and belief, Defendants employed 20 to 30 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.
46. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.
47. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

48. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

49. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

50. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

51. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

52. The claims of Plaintiff are typical of the claims of the whole putative class.

53. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

54. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

57. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

58. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

59. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

60. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

61. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

64. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

65. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

66. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

67. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

68. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

69. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

70. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

71. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

72. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an amount equal to her unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

73. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

74. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

75. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

76. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FIFTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

77. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

78. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

79. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

80. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## SIXTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

81. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

83. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SEVENTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

84. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

85. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

86. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## EIGHT CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

87. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

88. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
89. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid minimum wages;
c. Awarding Plaintiff's unpaid overtime wages;
d. Awarding Plaintiff's unpaid wages;
e. Awarding Plaintiff's spread of hours compensation;
f. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
g. Awarding Plaintiff prejudgment and post-judgment interest;
h. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated: March 16, 2023
Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOLVIS ESPERANZA MALDONADO AMAYA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ, PUGLIAS OF GARDEN CITY INC. and MULBERRY STREET LOUNGE INC. d/b/a THE CUBAN and WILLIAM MARTINEZ, as an individual,

Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

*via Secretary of State:*
**MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ (NYDOS ID#5071826)**
1868 Front Street, East Meadow, NY, 11554

**PUGLIAS OF GARDEN CITY INC. and MULBERRY STREET LOUNGE INC. d/b/a THE CUBAN (NYDOS ID#4051974)**
987 Stewart Avenue, Garden City, NY 11530

*via Personal Service:*
**MARGARITAS CAFÉ VI INC. d/b/a MARGARITA'S CAFÉ**
38 Hillside Ave., Williston Park, NY 11550

**PUGLIAS OF GARDEN CITY INC. and MULBERRY STREET LOUNGE INC. d/b/a THE CUBAN**
987 Stewart Avenue, Garden City, NY 11530

**WILLIAM MARTINEZ**
987 Stewart Avenue, Garden City, NY 11530

38 Hillside Ave., Williston Park, NY 11550